WARNER, J.
Appellant challenges his sentence imposed upon a violation of probation, claiming that the trial court erred in denying his motion to suppress evidence obtained after an officer initiated a traffic stop. He claims that the stop was unauthorized. We disagree and affirm.
Appellant, Alexander Alphonso, was on probation after serving a youthful offender sentence imposed for the commission of several felonies. The state filed an affida *288 vit of violation alleging sixteen different violations. The focus of this appeal concerns whether the trial court should have suppressed evidence concerning the commission of new crimes which stemmed from his stop and arrest on January 2, 2006. Those crimes included, inter alia, possession of marijuana and driving without a valid driver’s license. He concedes that he violated probation independent of the new crimes for which he was arrested, but maintains that the new crimes should not have been considered as part of the violation because the arresting officer had no probable cause to stop him. Alphonso contends that consideration of the new “substantive” crimes prevented the court from resentencing him as a youthful offender which resulted in a much greater sentence than he would have otherwise received.
An officer stopped Alphonso after he failed to obey a roadblock that the officer had instituted to assist another motorist. When Alphonso drove around the roadblock, the officer attempted to stop him, but Alphonso refused to stop even after the officer initiated his lights, honked his horn, and ordered him to stop over the P.A. system. Alphonso ultimately drove several blocks and made a couple of turns before stopping.
Alphonso argues that the officer had no authority to stop him. We disagree, as under Florida law, “[i]t is unlawful ... for any person willfully to fail or refuse to comply with any lawful order or direction of any law enforcement officer....” § 316.072(3), Fla. Stat. (2006). The officer had set the roadblock and directed traffic to stop, which Alphonso failed to do. Although he contends that the evidence was not clear that he disobeyed a roadblock, the issue is one of fact for the trial court, which we afford the presumption of correctness. See Rivera v. State, 859 So.2d 495, 509 (Fla.2003). In this case, we conclude that the trial court’s view of the evidence is fully supported by the record. Therefore, we affirm the trial court’s denial of the motion to suppress.

Affirmed.

SHAHOOD, C.J., and STEVENSON, J., concur.